UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

04 12140 MEL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ELAINE L. CHAO, Secretary of Labor,         \*
United States Department of Labor,             \*
                                                                    \*
    Plaintiff,                                     \*
                                                                    \*  CIVIL ACTION
    v.                                                   \*  FILE NO.
DAVID J. HOWE,                                   \*
LANDSCAPE DESIGN, INC., and               \*
LANDSCAPE DESIGN, INC. PROFIT SHARING PLAN, \*
                                                                    \*
    Defendants.                                 \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED
IN CLERKS OFFICE

2004 OCT 18 P 3: 07

U.S. DISTRICT COURT
DISTRICT OF MASS.

MAGISTRATE JUDGE _____

RECEIPT # _____
AMOUNT $ N/A
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. Tom
DATE 10/11/04

## COMPLAINT

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor (the "Secretary") hereby alleges:

(1) This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA" or the "Act"), 29 U.S.C. §1001 *et seq.*, as amended, and is brought to obtain equitable relief, to redress violations, to obtain restitution from employee benefit plan fiduciaries and parties in interest, and to obtain other appropriate relief necessary to enforce the provisions of Title I of ERISA, pursuant to ERISA §502(a)(2) and (5), 29 U.S.C. §1132(a)(2) and (5).

### JURISDICTION AND VENUE

(2) The Court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

(3) Venue of this action lies in the District of Massachusetts pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).

## DEFENDANTS

(4) The Landscape Design, Inc. Profit Sharing Plan (the "Plan") is an employee pension plan within the meaning of ERISA §3(3), 29 U.S.C. §1002(3) and is subject to coverage of the Act pursuant to §4(a), 29 U.S.C. §1003(a). It was established by Adoption Agreement with an effective date of January 1, 1999 to provide retirement benefits for the employees of Landscape Design, Inc., a Massachusetts corporation. The Plan had offices in Sudbury, Massachusetts and is joined as a party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief may be granted.

(5) At all times relevant to this action, Defendant Landscape Design, Inc. ("Landscape Design") was the Plan Sponsor and the named Plan Administrator of the Plan. As such, Landscape Design was a fiduciary with respect to the Plan within the meaning of ERISA §3(21), 29 U.S.C. §1002(21). Furthermore, at all relevant times, Landscape Design was a party in interest with respect to the Plan within the meaning of ERISA §3(14)(A) and (C), 29 U.S.C. §1002(14)(A) and (C).

(6) At all times relevant to this action, Defendant David J. Howe ("Howe") served as President and Chief Executive Officer of Landscape Design and was the sole owner of Landscape Design. Furthermore, at all times relevant to this action, Howe served as Trustee of the Plan and, at all times material hereto, exercised authority or control respecting management or disposition of assets of the Plan. As such, he was a fiduciary with respect to the Plan within the meaning of ERISA §3(21), 29 U.S.C. §1002(21) and a party in interest with respect to the Plan within the meaning of ERISA §3(14)(A), (C), (E) and (H), 29 U.S.C. §1002(14)(A), (C), (E) and (H).

(7) At all times relevant to this action, Howe acted on behalf of Landscape Design as the named Plan Administrator of the Plan. As such, he had discretionary authority in the administration of the Plan, and was a fiduciary with respect to the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A) and a party in interest to the Plan within the meaning of ERISA §3(14)(A), 29 U.S.C. §1002(14)(A).

## ALLEGATIONS

(8) The plan was a defined contribution 401(k) profit sharing plan that was initially funded by discretionary employer profit sharing contributions.

(9) On August 14, 2001, all of the Plan's assets totaling $19,499.75 were withdrawn from the Plan and deposited into Landscape Design's business account to satisfy corporate obligations.

(10) The plan was amended on May 1, 2001, to allow elective employee deferrals of up to 15% of compensation in accordance with each employee participant's election. The withheld contributions on behalf of each Plan participant during the pertinent period became assets of the Plan by operation of 29 C.F.R. §2510.3-102.

(11) Over the period August 2001 to December 2001 and from May 2002 to August 2002, Defendant Landscape Design failed to forward, and Defendant Howe failed to ensure the forwarding of, withheld employee contributions. In addition, for a number of pay periods from January 2002 to May 2002, Defendant Landscape Design failed to forward, and Defendant Howe failed to ensure the forwarding of, withheld employee contributions in a timely manner.

(12) During the pertinent period, Defendant Landscape Design failed to forward and Defendant Howe failed to ensure the forwarding of, withheld employee contributions

to the Plan in an amount totaling $11,874.51 to the Plan. This sum constituted employee contributions withheld for the months of August 2001 to December 2001 and from May 2002 to August 2002. These employee contributions were not forwarded to the Plan, but were retained by Landscape Design and used to satisfy corporate expenses.

(13) On March 13, 2002, Howe signed and cashed for his own use a $500.00 check dated March 7, 2002, from Landscape Design that listed the Plan as Payee.

(14) On April 12, 2002, Howe signed and cashed for his own use a $500.00 check dated March 13, 2002, from Landscape Design that listed the Plan as Payee.

(15) By virtue of the acts described in paragraphs 9, 11, 12, 13, and 14, Defendants Landscape Design and Howe:

    (a)    Failed to discharge their fiduciary duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A);

    (b)    Failed to discharge their duties with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aim in violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B);

    (c)    Failed to discharge their fiduciary duties in accordance with the documents and instruments governing the Plan, in violation of ERISA §404(a)(1)(D), 29 U.S.C. §1104(a)(1)(D); and

  (d) Caused the Plan to engage in transactions which they knew or should have known constituted the direct or indirect transfer of plan assets to, or use by or for the benefit of, Landscape Design, a party in interest, in violation of ERISA §406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D);

(16) By virtue of the acts described in paragraphs 9, 11, 12, 13, and 14, Trustee Howe:

  (a) Dealt with the assets of the Plan in his own interest or for his own account, in violation of ERISA §406(b)(1); and

  (b) Acted in transactions involving the Plan on behalf of a party whose interests were adverse to the interests of the Plans, its participants and beneficiaries in violation of ERISA §406(b)(2).

## PRAYER FOR RELIEF

WHEREFORE, the Secretary of Labor prays that this Court enter an Order:

(1) Permanently enjoining Defendants from violating, or knowingly participating in violations of, the provisions of ERISA §§404 and 406, 29 U.S.C. §§1104 and 1106;

(2) Permanently enjoining Defendant David J. Howe from serving as a fiduciary to the Plan or any other employee benefit plan covered by ERISA;

(3) Requiring Defendants to correct the prohibited transactions in which they participated:

(4) Requiring Defendants to restore to the Plan any and all losses incurred as a result of breaches of their fiduciary duties and violations they committed or for which they are liable, with appropriate interest, including set off of Defendant David J. Howe's

individual Plan account against the amount of losses, as authorized by 29 U.S.C. §1056(d)(4), if the losses are not otherwise restored to the Plan by Defendants;

(5) Awarding to Plaintiff the costs of this action; and

(6) Providing such other relief as is just and equitable.

Respectfully submitted,
ELAINE L. CHAO, Secretary
United States Department of Labor

By her attorneys,

Howard M. Radzely
Solicitor of Labor

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
J.F.K. Federal Building, Room E-375
Boston, MA 02203
(617) 565-2500

Frank V. McDermott, Jr.
Regional Solicitor

Gregory A. Splagounias
Trial Attorney
BBO# 567887
United States Department of Labor
Office of the Solicitor

Date: October 8, 2004