UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

        Plaintiff,
v.

DAVID J. HOWE,
LANDSCAPE DEISGN, INC., and
LANDSCAPE DESIGN, INC. PROFIT SHARING
PLAN,
        Defendants

CIVIL ACTION NO. 04-12140 MEL

CONSENT JUDGMENT AND ORDER

      Defendants David J. Howe ("Howe"), Landscape Design Inc. ("Landscape Design"), and Landscape Design, Inc. Profit Sharing Plan ("the Plan") (herein collectively referred to as "Defendants"), and Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor, have agreed to resolve all matters in controversy in this action (except for the imposition by Plaintiff of any penalty pursuant to ERISA §502(l) and/or §502(c)(2), 29 U.S.C. §1132(l), §1132(c)(2) ). The parties accordingly consent to the entry of a Judgment and Order by this Court.

      Defendants acknowledge service of summons upon them and receipt of Plaintiff's Complaint. By consenting to this Order, Defendants have admitted to the jurisdiction of this Court over them and over the subject matter of this action.

      Upon consideration of the record, and as agreed to by the parties, the Court finds it has jurisdiction to enter this Consent Judgment and Order.

Page 1 of 6

Defendants and Plaintiff having agreed to entry of this Consent Judgment and Order, and with due consideration and being fully advised of the premises,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Howe and Landscape Design shall pay to the Plan a total of $10,678.93, consisting of employee contributions, required employer contributions and opportunity losses.

2. Howe and Landscape Design shall pay to the Plan $1,601.84 within 7 days of entry of this Consent Judgment and Order.

3. Howe and Landscape Design shall pay to the Plan $9,077.09, the balance of the total amount owed, by no later than September 15, 2005.

4. Howe and Landscape Design shall ensure that all amounts paid to the Plan pursuant to this Consent Judgment and Order are properly allocated to participant accounts. Howe and Landscape Design shall not allocate any amounts paid pursuant to this Consent Judgment and Order to Howe's account or to his father's account, James Howe, who is now deceased.

5. Howe and Landscape Design shall take all steps necessary to retain an independent fiduciary for the Plan who will assume all Plan responsibilities, including all fiduciary duties, by no later than September 15, 2005. Howe and Landscape Design shall further ensure that the Plan and the Plan's participants shall not pay any fees relating to the retention or compensation of the independent fiduciary.

6. If Howe and Landscape Design have not transferred Plan responsibilities to an independent fiduciary by September 15, 2005, then Howe and Landscape Design shall take all steps necessary to prepare the Plan for termination, properly make distributions to the Plan's participants of amounts in their accounts, and properly terminate the Plan.

7. If Howe and Landscape Design have not transferred Plan responsibilities to an independent fiduciary by September 15, 2005, then Howe and Landscape Design shall ensure that distributions are made to Plan participants within 60 days of the last payment required under the terms of this Consent Judgment and Order. Howe and Landscape Design shall further ensure that the Plan and the Plan's participants shall not pay any fees in connection with the Plan's termination and distribution of assets.

8. If Howe and Landscape Design have not transferred Plan responsibilities to an independent fiduciary by September 15, 2005 and have instead made distributions to Plan participants, then Howe and Landscape Design shall take all steps necessary to terminate the Plan within 30 days of the date that all distributions are made from the Plan.

9. Howe and Landscape Design shall submit a report within 5 days of the first required payment to the Plan demonstrating that the required payment was made, including copies of all supporting documents such as account statements and cancelled checks.

10. Howe and Landscape Design shall submit a report by no later than September 15, 2005 demonstrating either that they retained an independent fiduciary for the Plan who will assume all Plan responsibilities, including all fiduciary duties, by no later than September 15, 2005, or that efforts to retain an independent fiduciary were not successful.

11. Howe and Landscape Design shall submit a report by no later than September 22, 2005 demonstrating that the second required payment was made, including copies of all supporting documents such as account statements and cancelled checks. This report shall also demonstrate that the amounts paid were properly allocated to participant accounts, including

copies of all supporting documents such as account statements or reports from the Plan's custodian of assets.

12. If Howe and Landscape Design have not transferred Plan responsibilities to an independent fiduciary by September 15, 2005 and have instead made distributions to the Plan participants, then Howe and Landscape Design shall submit a report within 15 days of the date that all monies are properly distributed to participants in the Plan demonstrating that such distributions were made, including copies of all supporting documents such as account statements and cancelled checks.

13. If Howe and Landscape Design have not transferred Plan responsibilities to an independent fiduciary by September 15, 2005 and have instead made distributions to the Plan participants and terminated the Plan, then Howe and Landscape Design shall submit a report within 15 days of the date that the Plan is properly terminated demonstrating that the Plan was terminated, including copies of all supporting documents.

14. Howe and Landscape Design shall submit all reports evidencing compliance with the terms of this Consent Judgment and Order to James Benages, Regional Director, Employee Benefits Security Administration, U.S. Department of Labor, JFK Federal Building, Room 575, Boston, MA 02203.

15. Howe and Landscape Design are permanently enjoined from engaging in any action that violates the provisions of ERISA §404 and §406, 29 U.S.C. §1104 and §1106.

16. Howe is enjoined from acting in a fiduciary capacity within the meaning of ERISA §3(21), 29 U.S.C. §1002(21), including but not limited to refraining from serving as a Trustee or Administrator for any ERISA-covered employee benefit plan, for a period of five years

commencing upon entry of this Consent Judgment and Order. Nothing in this paragraph, however, shall prohibit Howe from properly executing the provisions of this Order.

17. Each party shall bear its own fees and expenses with respect to this action.

18. The Court shall retain jurisdiction of this matter for purposes of enforcing this Consent Judgment and Order.

19. Nothing in this Judgment is binding on any governmental agency other than the United States Department of Labor.

IT IS SO ORDERED THIS ___19___ day of ___August___, 2005.

_____
Morris E. Lasker
Senior United States District Judge

*Consented to by:*

For the Defendants:

_____     _8-4-05_____
David J. Howe                        Dated

_____  PRESIDENT          8-4-05
Landscape Design, Inc.                         Dated
By: David J. Howe, President

_____  TRUSTEE            8-4-05
Landscape Design, Inc.                         Dated
Profit Sharing Plan
By: David J. Howe, Trustee

For the Plaintiff, Elaine L. Chao, Secretary of Labor:

Howard Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

_____ /MDF                5/10/05
Ivelisse Berio LeBeau            Dated
Trial Attorney

U.S. Department of Labor
Attorneys for the Plaintiff
Page 6 of 6